UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JAMES MICHAEL WAGNER,<br><br>    Plaintiff,<br><br>v.<br><br>FLAMBEAU, INC.,<br><br>    Defendant. | Civil Action No. 6:21-cv-00865<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff JAMES MICHAEL WAGNER ("JMW" or "Plaintiff") files this Original Complaint against Defendant Flambeau, Inc. ("Flambeau" or "Defendant"), and alleges as follows:

### I.    THE PARTIES

1. Plaintiff James Michael Wagner is an individual residing in the state of Indiana.

2. Defendant Flambeau, Inc. is a Wisconsin corporation selling its products in the Western District of Texas. It may be served with process by serving its Agent for Service Jason Sauey at 715 Lynn Avenue, Baraboo, Wisconsin 53913.

### II.    JURISDICTION

3. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has general personal jurisdiction over Defendant because it is engaged in substantial activity within this State and this judicial district. This Court has specific jurisdiction over Defendant because it has committed acts of infringement giving rise to this action and has established more than minimum contacts with this State and judicial district, such that the exercise

of jurisdiction over Defendant by this Court would not offend traditional notions of fair play and substantial justice. Defendant has directly committed and continues to commit acts of infringement in this District—as described more fully below—by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the Asserted Patent. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant has committed acts of infringement of JMW's patent rights in this District by making, using, offering to sell, selling, and importing products and/or services that infringe the Asserted Patent.

### III.   FACTUAL BACKGROUND

6. This action concerns D741,2105 (the "Wagner Patent") (the "Asserted Patent"), a true and correct copy of which is attached as Exhibit A.

7. Wagner owns the entire right, title, and interest in the Asserted Patent, including all exclusive rights under the Asserted Patent, including the right to sue for past, present, and future infringement and damages thereof, throughout the entire United States and world.

8. The Wagner patent was filed on August 19, 2014 as Application No. 29/499,754 and duly issued on October 20, 2015.

9. The elements claimed by Asserted Patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of their respective inventions.

## IV.     INFRINGEMENT OF THE WAGNER PATENT

10.     The preceding paragraphs are reincorporated by reference as if fully set forth herein.

11.     The elements claimed by the Wagner patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention.  Rather, the Wagner patent provides a technical solution to technical problems.

12.     Defendant has infringed and continues to infringe, literally and/or by the doctrine of equivalents, at least claim 1 of the Wagner patent by making, using, testing, selling, offering for sale or importing into the United States products and/or services covered by the Wagner patent. Defendant's products and/or services that infringe the Wagner patent include, but are not limited to the MAD Turkey Call

13.     Additionally, Plaintiff contends that Defendant was aware of the Wagner patent at least as of the date this lawsuit was filed, and since that time Defendant has been an active inducer of infringement of the Wagner patent under 35 U.S.C. § 271(b) and a contributory infringer of the Wagner patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

14.     Defendant induces infringement of the Wagner patent by intending that others make, use, offer for sale, or sell in the United States, products and/or services covered by the Wagner patent. Defendant provides these products and/or services to others, such as customers, resellers, and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the United States products and/or services that directly infringe one or more claims of the Wagner patent such as claim 1.

15. Defendant contributes to the infringement of the Wagner patent by others by knowingly providing products and/or services that when configured result in methods and systems that directly infringe one or more claims of the Wagner patent such as claim 1.

16. Upon information and belief, Defendant has had actual knowledge of the Wagner patent since at least as early as the service of this Original Complaint upon Defendant.

17. At least since the date of service of this Original Complaint, Defendant commits affirmative acts that cause infringement of one or more claims of the Wagner patent with knowledge of the Wagner patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the Wagner patent. As an illustrative example only, Defendant induces such acts of infringement by its affirmative actions of intentionally providing hardware and software components that when used in their normal and customary way, infringe one or more claims of the Wagner patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the Wagner patent.

18. At least since the date of service of this Original Complaint, Defendant commits contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the Wagner patent, such as claim 1, by a third party, and which have no substantial non-infringing uses and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. When the Wagner Patent and the MAD Calls, both premium and standard, are given to an Ordinary Observer, the Observer can see a definite similarity in the designs of two objects.

20. An "ordinary observer" is important because a patent holder can't look at something objectively. However, an outside observer who has no training in design can look at objects without any bias.

## V.     DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims so triable under Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment against Defendant:

(A)     that Defendant has infringed one or more claims of each of the Asserted Patent, directly and/or indirectly, literally and/or under the doctrine of equivalents;

(B)     awarding damages sufficient to compensate Plaintiff for Defendant's infringement under 35 U.S.C. § 284;

(C)     awarding Plaintiff his costs and expenses incurred in this action;

(D)     awarding Plaintiff prejudgment and post-judgment interest; and

(E)     granting Plaintiff such further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/ T. Micah Dortch*

**Timothy Micah Dortch**
State Bar No. 24044981
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
Tel: (214) 396-9427
Fax: (469) 217-8296
mdortch@potts-law.com

**Christopher D. Lindstrom**
Texas Bar No. 24032671
**POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
(713) 963-8881
(713) 583-5388 (fax)
clindstrom@potts-law.com

**ATTORNEYS FOR PLAINTIFF**